## ELIJAH C. BAXTER *v.* SISTERS OF CHARITY.

Under the provisions of the Act of 1855, relative to the Mechanic's Lien, it is necessary to submit an arbitration in writing, and if, in point of fact, there was not a written submission, the award is not binding.

The statute above mentioned requires that the contractor should signify his assent or dissent to the owner, within ten days after being notified of the claim of his journeyman, or other person, for work performed ; but this is a matter which concerns only the contractor and the owner. A payment made to a claimant after the lapse of ten days, and before the contractor has notified his dissent to the owner, will be binding as between the two latter, the law presuming assent from the silence of the parties. This presumption, however, is not absolute, and, at any time before payment, the contractor may object to the correctness of a demand.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Durant & Hornor*, for plaintiff. *Collins & Wooldridge*, for defendant and appellant.

VOORHIES, J. The plaintiff claims to have furnished materials for a building, owned by the defendants, who had contracted with one *D. Mulligan* for its erection. The attested account having been served on the defendants, and these parties notified by the contractor not to pay, the matter was submitted to the arbitration of two persons, chosen by the plaintiff and the contractor. There being a difference of opinion between the arbitrators, an umpire was appointed by them. Subsequently an award was rendered in favor of the plaintiff; but the contractor's arbitrator refused to sign the instrument.

This suit was brought, upon the defendants' declining to pay the amount of the award, on account of the contractor's notification that he had protested

against the validity of the award and objected to the payment of the plaintiff's claim.

The matter was submitted to the award of arbitrators under the provisions of the third and fourth sections of the Act relative to Mechanics' lien, 1855, p. 327, §§ 3, 4. The statute provides : " that whenever any account of labor performed on a building erected under a contract as aforesaid, shall be placed in the hands of the owner or his authorized agent, it shall be his duty to furnish his contractor with a copy of such papers, in order that if there be any disagreement between such contractor and his creditor, they may by amicable adjustment between themselves, or by arbitration, ascertain the true sum due.".......".That if any such contractor shall dispute the claim of his journeyman or other person for work or labor performed as aforesaid, and if the matter cannot be adjusted amicably between themselves, it shall be submitted, on the agreement of both parties, to the arbitrament of three disinterested persons, one to be chosen by each of the parties, and one by the two thus chosen, and the decision, in writing, of such three persons, or any two of them, shall be final and conclusive in the case submitted."

The question then arises, how is this submission to arbitration to be made? " A submission," says the Code, Art. 3067, " must be reduced to writing." The power of arbitrators is limited to what is explained in the submission." Art. 3071.

There are no specific provisions to the contrary in the statute. When the lawgiver referred these matters to amicable compounders or to arbitration, without providing for the mode or manner of making the submission, he necessarily had in view the existing legislation upon the subject-matter. Any other construction would render inoperative the provisions of the statute, upon which the plaintiff bases his action.

The plaintiff's claim has not been submitted in writing to arbitrators, and it appears that the contractor has brought an action to set aside the award, and has notified the defendants of this proceeding. It is said that the reason why the matter was not submitted in writing was the refusal of the contractor to sign the submission. Be this as it may ; in point of fact there was not a written submission : consequently the award is not binding. C. C. Arts. 3096, 3097 ; C. P. Arts. 444, 445, 459, 460. It is advisable, however, merely to non-suit the plaintiff, inasmuch as he is now engaged in a litigation with the contractor upon the issues involved in this instance.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that the plaintiff's demand be rejected, as in case of non-suit, with costs in both courts.

LAND, J, absent.

---

## SAME CASE—ON A RE-HEARING.

VOORHIES, J. In our former opinion we held that it was necessary to submit in writing an arbitration under the provisions of the Act relative to Mechanic's Lien.

The plaintiff, in his motion for a re-hearing, contends that, under the second section of this Act, he is entitled to relief, notwithstanding the nullity of the proceedings by arbitrament. He contends that the contractor did not, within

BAXTER
*v.*
SISTERS OF CHAR'Y

ten days after notification, give the defendant written notice of his intention to dispute the plaintiff's claim, and, consequently, that this was an assent to the demand, which the owner cannot now gainsay.

It appears from the evidence that the contractor, *D. Mulligan,* even after the failure to settle the controversy by arbitrament, notified the defendants not to pay the plaintiff's demand, averring that suit had been instituted for the purpose of setting aside this award. We are informed, by the plaintiff's brief that a judgment of non-suit has been rendered in that cause; but this fact is not disclosed by the record. Be this as it may, the result stands unaffected. The statute requires, it is true, that the contractor should signify his assent or dissent to the owner, within ten days after being notified; but this is a matter which concerns only the contractor and the owner. A payment made to the claimant, under those circumstances, would be binding as between the two former, the law presuming assent from the silence of the parties. This presumption, however, is not absolute; and at any time before payment, can the contractor object to the correctness of the demand.

It is, therefore, ordered and decreed, that the judgment of this court remain undisturbed.